IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:19-cv-00098-MR

| | |
|---|---|
| STEVEN WAYNE POWERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| ERIK A. HOOKS, Secretary of ) | |
| Department of Public Safety,[1] ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's response to the Court's October 12, 2020 Order. [Doc. 5].

**I.    BACKGROUND**

The Petitioner is a prisoner of the State of North Carolina. On November 2, 2009, he pled guilty in the Watauga County Superior Court to one count of first-degree rape. [See Doc. 1-1 at 1]. The Petitioner was

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. North Carolina law mandates that the Secretary of the Department of Public Safety is the custodian of all state inmates and has the power to control and transfer them. See N.C. Gen. Stat. § 148-4 (2017) ("The Secretary of Public Safety shall have control and custody of all prisoners serving sentence in the State prison system[.]"). Accordingly, Erik A. Hooks, the current Secretary of Public Safety, is the proper respondent in this action.

sentenced within the presumptive range to a minimum of 250 months and a maximum of 309 months of imprisonment. [Id.]. The Petitioner did not file a direct appeal.

On December 20, 2018, the Petitioner filed a motion for appropriate relief ("MAR") in the Watauga County Superior Court, asserting the following claims: (1) the trial court lacked subject matter jurisdiction; (2) the indictment was fatally defective in that he was not named in the indictment; and (3) the conviction was obtained in violation of the Petitioner's constitutional rights. On January 11, 2019, the trial court denied the MAR. [Doc. 1-1 at 1-2]. The Petitioner filed a petition for a writ of certiorari, which the North Carolina Court of Appeals denied on February 8, 2019. [Id. at 3]. The Petitioner then filed a petition for a writ of certiorari with the North Carolina Supreme Court, which was denied on April 5, 2019. [Id. at 4].

In July 2019, the Petitioner filed the present § 2254 petition in the United States District Court for the Eastern District of North Carolina, asserting that the trial court lacked subject matter jurisdiction; the North Carolina state courts failed to adhere to stare decisis in reviewing the Petitioner's conviction; and the indictment was fatally defective. [Id.]. On July 22, 2019, the Eastern District of North Carolina transferred the matter to this District. [Doc. 2].

2

Case 5:19-cv-00098-MR   Document 6   Filed 11/19/20   Page 2 of 9

On October 13, 2020, the Court entered an Order explaining that the Petitioner's habeas petition appeared to be untimely under § 2244(d)(1)(A) because the Petitioner failed to file his habeas petition within one year after the judgment in his case became final. [Doc. 4 at 4]. The Order instructed the Petitioner to show cause why his Petition should not be dismissed as untimely, including any reasons why statutory or equitable tolling might apply. [Id.].

On October 27, 2020, the Petitioner responded to the Court's Order. [Doc. 5]. In his response, the Petitioner argues that the state court had no subject-matter jurisdiction because the indictment in this case was fatally defective. [Id. at 2].

## II. DISCUSSION

The Petitioner cites United States v. Cotton, 535 U.S. 630 (2002) for the proposition that a prisoner or defendant may challenge a trial court's subject-matter jurisdiction at any time. [Id. at 1]. Accordingly, he claims that the statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") does not bar his habeas claim. [Id.].

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). "[B]ecause it involves

3

Case 5:19-cv-00098-MR   Document 6   Filed 11/19/20   Page 3 of 9

a court's power to hear a case," Cotton, 535 U.S. at 630, whether a state court has subject-matter jurisdiction over a state criminal matter is determined by state law. See e.g., State v. Wagner, 572 S.E.2d 777, 779 (2002) ("For a court to have jurisdiction, a criminal offense [must] be charged in the warrant or indictment upon which the State brings the defendant to trial." (citation and internal quotations omitted)). Because they are governed by state law, state jurisdictional issues generally do not fall within the scope of the Constitution, laws, or treaties of the United States. See Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998). Therefore, Petitioner's assertion that the Superior Court and Court of Appeals of North Carolina did not follow precedent of the Supreme Court of North Carolina is not pertinent to a claim pursuant to § 2254.

In Cotton, the Supreme Court addressed whether an omission from a federal indictment deprived the federal district court of jurisdiction to impose an enhanced sentence, when the defendant did not raise an objection in the district court. See Cotton, 535 U.S. at 627. "Cotton did not address state court jurisdictional issues, much less hold that a prisoner or defendant may challenge a state court's subject-matter jurisdiction at any time in a federal court." Duvall v. Hernandez, No. 1:18-cv-00108-FDW, 2019 WL 1442220, at *3 (W.D.N.C. Apr. 1, 2019) (Whitney, C.J.) (unpublished), appeal

4

dismissed, 771 F. App'x 331 (4th Cir. 2019), cert. denied, 140 S. Ct. 836, 205 L. Ed. 2d 481 (2020).  As such, Cotton simply does not apply to this case.

The Petitioner has not cited any statute or case allowing prisoners to challenge a state court's subject-matter jurisdiction after the AEDPA's statute of limitations has expired.  Every federal court to address the issue has held that there is no exception to AEDPA's statute of limitations for claims challenging a state court's subject-matter jurisdiction.  See e.g., Wells v. Harry, No. 17-1476, 2017 WL 9248730, at *2 (6th Cir. Nov. 15, 2017), cert. denied, 138 S.Ct. 2605 (2018), reh'g denied, 139 S. Ct. 360 (2018) ("There is no authority supporting Wells's argument that the AEDPA's statute of limitations does not apply where a petitioner asserts that the trial court lacked subject matter jurisdiction."); Jones-Bey v. Alabama, No. 2:14–cv–00376–AKK–HGD, 2014 WL 1233826, at *2 (N.D. Ala. March 25, 2014) (unpublished) ("There is no exception under AEDPA's statute of limitation for a § 2254 claim that the state court lacked jurisdiction.") (citation omitted); Umbarger v. Burt, No. 1:08-cv-637, 2008 WL 3911988 (W.D. Mich. Aug. 19, 2008) (same); Griffin v. Padula, 518 F. Supp.2d 671, 677 (D.S.C. 2007) ("There is no exception under the AEDPA for subject matter jurisdiction claims."); McCreary v. Dir., TDCJ-CID, CIV.A. 6:06CV167, 2006 WL

1318713, at *1 (E.D. Tex. May 15, 2006) (citing Scott v. Johnson, 227 F.3d 260 (5th Cir. 2000)) ("The Fifth Circuit . . . has enforced [AEDPA's] one year statute of limitations even though a petitioner alleged the indictment was defective."). This Court has held the same. See Keever v. Perry, No. 3:16-cv-00066-FDW, 2016 WL 7192138, at *4 (W.D.N.C. Dec. 12, 2016) (Whitney, C.J.) (unpublished); Duvall, 2019 WL 1442220, at *4. Accordingly, the Petitioner's first argument is without merit.

The Petitioner further argues that the Antiterrorism and Effective Death Penalty Act of 1996 does not apply to constitutional violations under 28 U.S.C. § 2241(c)(3) and § 2254(a). [Doc. 5 at 2]. Those provisions generally state that writs of habeas corpus can only be entertained where the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). Those provisions say nothing about the applicability of 28 U.S.C. § 2244(d), which clearly provides a one-year statute of limitations for such claims. Indeed, the AEDPA's statute of limitations frequently bars habeas petitions that claim that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. Accordingly, the Petitioner's second argument is without merit.

The Petitioner argues that he filed his petition after discovering the violations of his constitutional rights. [Id. at 3]. The Court construes the Petitioner's argument as an attempt to assert statutory tolling under § 2244(d)(1)(D), which allows habeas claims to be brought within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

While the Petitioner claims that he filed his petition after discovering the grounds for making such a petition, he provides no argument or evidence regarding the newly discovered factual predicate that provides the basis for his claim. Likewise, the Petitioner provides no explanation for why it took roughly eleven years for him to discover the factual predicate underlying his habeas petition. Moreover, the Petitioner provides nothing to show that he has been exercising due diligence during those eleven years. Accordingly, the Court cannot conclude that the Petitioner has demonstrated that he has exercised due diligence that would just justify statutory tolling under § 2244(d)(1)(D).

Because statutory and equitable tolling do not apply here, the Petitioner's habeas petition will be dismissed as untimely under § 2244(d)(1)(A).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Doc. 1] is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

The Clerk of Court is respectfully directed to substitute Erik A. Hooks, Secretary of the North Carolina Department of Public Safety, as the respondent in this action.

**IT IS SO ORDERED.**

Signed: November 18, 2020

Martin Reidinger
Chief United States District Judge